UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                            Chapter 13

David L. Turk, and Linda A. Turk,                          Case No. 17-48665

      Debtors.                                                       Hon. Phillip J. Shefferly
_____/

**ORDER FINDING VALUE OF DEBTORS' HOME**

On June 9, 2017, the Debtors filed this Chapter 13 case. Their schedules show that they have a second mortgage on their home ("Home") held by Bayview Loan Servicing, LLC ("Bayview"). On August 2, 2017, the Debtors filed adversary proceeding number 17-4562 ("Adversary Proceeding") to strip Bayview's second mortgage from the Home under § 506(a) of the Bankruptcy Code. The Court tried the Adversary Proceeding on February 21, 2018 and issued a bench opinion on the record on March 1, 2018. In its bench opinion, the Court held that the Debtors were not entitled to a lien strip under § 506(a) because they did not meet their burden to prove that there is no equity to support Bayview's second mortgage. The Court dismissed the Adversary Proceeding.

On April 4, 2018, the Debtors filed in the Adversary Proceeding an Amended Motion for Further Consideration and Amendment of Judgment Pursuant to F.R.

Bankr. 9023 and F.R. Civ. P. 59(a)(2) and/or to Amend Pleadings Pursuant to F.R. Bankr 7015(b)(2) and F.R. Civ. P. 15(b)(2) ("Amended Motion"). On May 3, 2018, Bayview filed a response. On May 22, 2018, the Court held a hearing in the Adversary Proceeding on the Amended Motion. At the hearing, the Debtors and Bayview placed an agreement on the record to resolve the Amended Motion. Following the hearing, on May 22, 2018, the Court entered in the Adversary Proceeding an Order Approving Agreement of Parties Resolving Debtors' Motion to Amend Complaint and Providing for the Court to Make a Specific Finding of Value of the Debtors' Home ("Stipulated Order").

The Stipulated Order provides for the Court to make a specific finding of the value of the Home, in the form of an order to be entered in the Debtors' Chapter 13 case, based on the trial record made in the Adversary Proceeding. The relevant provisions of the Stipulated Order are as follows:

> **IT IS FURTHER ORDERED** that the Court will now proceed to make a specific finding of value of the Home that will govern any further proceedings in the Debtors' Chapter 13 case, including the adjudication of any issues regarding the Debtors' request for confirmation of the Amended Plan and Bayview's objections to confirmation of the Amended Plan.
>
> **IT IS FURTHER ORDERED** that the Court, in making the specific finding of value of the Home, will be limited to reviewing the evidentiary record made at the trial held on March 1, 2018 in this adversary proceeding and will not take any further testimony or other evidence regarding the value of the Home.

Pursuant to the Stipulated Order, the Court now turns to what the evidence at the Adversary Proceeding trial showed about the value of the Home. The Court noted during its bench opinion in the Adversary Proceeding that it considers the written appraisal prepared by Bayview's expert witness, James VanEtten, to be more probative of the value of the Home than the written appraisal prepared by the Debtors' expert witness, Terry Hanning. In its bench opinion, the Court summarized its reasons for that finding, including the fact that the comparable sales used by Mr. VanEtten were closer in proximity to the Home, closer in acreage to that of the Home, closer in square footage to that of the Home, and were supported by more market data and analysis than the appraisal prepared by Mr. Hanning. The Court found that Mr. VanEtten's appraisal of $212,000.00 was entitled to greater weight than Mr. Hanning's appraisal of $145,000.00.

For today's purpose – which is to make a specific finding of value of the Home – the Court is inclined to adopt Mr. VanEtten's appraisal as the value of the Home. However, in its bench opinion the Court noted that Mr. VanEtten's appraisal, although entitled to more weight than Mr. Hanning's appraisal, does contain an arithmetic error. Mr. VanEtten readily admitted during his testimony at trial that he made a mistake in the adjustments he made to comparable sale no. 2 identified in his appraisal. Specifically, he testified that the adjusted sale price of comparable no. 2 in

17-48665-lsg    Doc 76    Filed 06/04/18    Entered 06/04/18 14:50:23    Page 3 of 6

his appraisal should have been $197,000.00, rather than $219,500.00, as stated in his appraisal. This arithmetic error did not affect the Court's ruling in the Adversary Proceeding, but it does have some probative value in the Court's determination of the value of the Home, and warrants the Court making an adjustment to Mr. VanEtten's appraised value to take this arithmetic error into account.

If the Court were to simply average Mr. VanEtten's three comparable sales using the corrected value for sale no. 2, the value of the Home would be $207,620.00. But that is not what Mr. VanEtten did. Instead, he assigned different weights to the three comparable sales. According to his testimony, and to the addendum to his written apprisal, Mr. VanEtten weighted the comparable sales based on their strengths and validity. Mr. VanEtten weighted comparable sales nos. 1 and 2 at 25% each, and comparable sale no. 3 at 50%.

After adjusting for this arithmetic error and applying these weighted percentages, and finding that Mr. VanEtten's appraisal is otherwise the best indicator of the value of the Home, the Court finds that the value of the Home on the date the Debtors filed their Chapter 13 petition is $208,340.00.[1] Obviously, that is still far more than the balance owing on the Debtors' first mortgage loan of $193,714.11.

---

[1] The arithmetic is (211,400 x .5) + (197,000 x .25) + (211,400 x .25).

-4-

Therefore, this finding works no change in the Court's bench opinion and its ruling in the Adversary Proceeding that the Debtors are not entitled to strip Bayview's lien.

The finding of the value of the Home made by this order does not mean that the Court is in any way approving any amended plan filed by the Debtors, or any assertion that the Debtors are entitled to any other relief with respect to Bayview's second mortgage lien. It does not alter the judgment entered in the Adversary Proceeding in any way, nor does it deprive either the Debtors of the right to seek confirmation of any amended plan in their Chapter 13 case, nor Bayview of any objections or defenses it may have to oppose confirmation of any amended plan that the Debtors may file in their Chapter 13 case. It simply means that for the duration of, and for all purposes in, the Debtors' Chapter 13 case, the value of the Home is found to be $208,340.00. Accordingly, pursuant to the Stipulated Order, for the reasons explained in this Order and for the reasons set forth in the Court's bench opinion, all of which are incorporated herein,

**IT IS HEREBY ORDERED** that the Court finds the value of the Home to be $208,340.00 as of the date the Debtors filed their Chapter 13 case.

**IT IS FURTHER ORDERED** that the Court's specific finding of value of the Home is expressly made without prejudice to any legal arguments that the Debtors may make in support of their request for confirmation of any amended plan in this

Chapter 13 case and without prejudice to any legal arguments that Bayview may make in opposition to the Debtors' request for confirmation of any amended plan in their Chapter 13 case.

**Signed on June 04, 2018**



/s/ Phillip J. Shefferly
**Phillip J. Shefferly**
**United States Bankruptcy Judge**